RECEIVED
USDC CLERK. CHARLESTON. SC

2006 JUN 12  A 10: 48

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Don W. Moon,                      )      C. A. No. 2:05-2153-TLW-RSC
                                  )
        Plaintiff,                )
                                  )
        -versus-                  )      **REPORT AND RECOMMENDATION**
                                  )
Jo Anne B. Barnhart,              )
Commissioner of Social            )
Security,                         )
                                  )
        Defendant.                )

This case is before the court pursuant to Local Rule
83.VII.02, D.S.C., concerning the disposition of Social Security
cases in this District.

The plaintiff, Don W. Moon, brought this action pursuant to
Sections 205(g) and 1631(c)(3) of the Social Security Act, as
amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial
review of a final decision of the Commissioner of Social Security
denying the plaintiff's claims for disability insurance benefits
and supplemental security income benefits under Titles II and XVI
of the Social Security Act, respectively.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff previously filed applications for disability
benefits on March 8, 1983, and January 27, 1984, which were
denied at the initial and reconsideration levels, but not further
appealed.

The plaintiff filed the current applications for disability

1

insurance benefits and supplemental security income benefits on
February 23, 2005, alleging that he became unable to work on
November 25, 2002, due to a back injury, depression, memory
problems and pain in his back, leg, neck and shoulders.    The
applications were denied initially and on reconsideration by the
Social Security Administration.    On November 25, 2003, the
plaintiff requested a hearing.    The administrative law judge
before whom the plaintiff appeared with counsel and vocational
expert, Arthur Schmitt, considered the case de novo, and on
December 23, 2004, found that the plaintiff was not under a
disability as defined in the Social Security Act, as amended.
The administrative law judge's finding became the final decision
of the Commissioner of Social Security when it was approved by
the Appeals Council on May 27, 2005.

In making the determination that the plaintiff is not
entitled to benefits, the Commissioner adopted the following
findings of the administrative law judge:

> 1.    The claimant meets the nondisability
> requirements for a period of disability and
> Disability Insurance Benefits set forth in Section
> 216(I) of the Social Security Act and is insured
> for benefits through the date of this decision.
>
> 2.    The claimant has not engaged in substantial
> gainful activity since the alleged onset of
> disability.
>
> 3.    The claimant's low back and upper back pain,
> leg/knee/hip/foot pain, depression, anxiety and
> somatoform disorder are considered "severe"
> impairments in combination based on the

2

requirements in the Regulations 20 CFR §§
404.1520(c) and 416.920(b).

4.    These medically determinable impairments do
not meet or medically equal one of the listed
impairments in Appendix 1, Subpart P, Regulation
No. 4.

5.    The undersigned finds the claimant's
allegations regarding his limitations are not
fully credible for the reasons set forth in the
body of the decision.

6.    The claimant has the residual functional
capacity to perform simple, unskilled work which
includes the ability to: occasionally lift 20
pounds; frequently lift/carry 10 pounds; never
crawl, crouch, climb, squat or kneel; never use
his lower extremities for pushing/pulling; and
never use his upper extremities for working above
shoulder level.  He would also require a sit/stand
option.

7.    The claimant is unable to perform any of his
past relevant work (20 CFR §§ 404.1565 and
416.965).

8.    The claimant is a "younger individual between
the ages of 45 and 49" (20 CFR §§ 404.1563 and
416.963).

9.    The claimant has "a limited education" (20
CFR §§ 404.1564 and 416.964).

10.    Transferability of skills is not an issue in
this case (20 CFR §§ 404.1568 and 416.968).

11.    The claimant has the residual functional
capacity to perform a significant range of light
work (20 CFR §§ 404.1567 and 416.967).

12.    Although the claimants exertional limitations
do not allow him to perform the full range of
light work, using Medical-Vocational Rule 202.18
as a framework for decision-making, and based on
the testimony of the vocational expert, there are
a significant number of jobs in the national
economy that he could perform.  Examples of such

3

>       jobs include work as: a parking lot attendant
>       (This is light, unskilled work with 113,639 jobs
>       existing in the national economy (D.O.T. #915.473-
>       010)); a storage facility clerk (This is
>       unskilled, light work with 227,000 jobs existing
>       in the national economy (D.O.T. #295.367-026); or
>       a carton packer (This is light, unskilled work
>       with 275,000 jobs existing in the national economy
>       (D.O.T. #920.665-010)).
>
>       13.   The claimant was not under a "disability," as
>       defined in the Social Security Act, at any time
>       through the date of this decision (20 CFR §§
>       404.1520(g) and 416.920(g)).

(Tr. 25-26).

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits

shall be available to those persons insured for benefits, who are

not of retirement age, who properly apply, and who are "under a

disability." 42 U.S.C. § 423(a). Disability is defined in 42

U.S.C. § 423(d)(1)(A) as:

>       the inability to engage in any substantial gainful
>       activity by reason of any medically determinable
>       physical or mental impairment which can expected
>       to result in death or which has lasted or can be
>       expected to last for at least 12 continuous
>       months.

To facilitate a uniform and efficient processing of

disability claims, the Social Security Act has by regulation

reduced the statutory definition of "disability" to a series of

five sequential questions. An examiner must determine whether

the claimant (1) is engaged in substantial gainful activity, (2)

has a severe impairment, (3) has an impairment which equals an

4

impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work.  20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied.  Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence.  See, Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that her conclusion is

5

rational.  Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).  However, if there is substantial evidence to support the decision of the Secretary, that decision must be affirmed.  Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

### QUESTIONS PRESENTED

The plaintiff argued that the administrative law judge committed reversible error when he failed to accord proper weight to the opinions of treating physician, Dr. Archambeau, and consultative examining orthopedic surgeon, Dr. Ahearn, and that the Appeals Council failed to articulate the reasons for its denial of the plaintiff's Request for Review.  Lastly the plaintiff argued that the administrative law judge erred in finding a residual functional capacity which is not supported by substantial evidence.

### PHYSICIAN'S OPINIONS

The plaintiff first argued that the administrative law judge failed to accord proper weight to the opinions of treating family physician Dr. Archambeau, and consultative examining orthopedic surgeon, Dr. Ahearn.  A review of the record and relevant case law reveals that substantial evidence supports the administrative law judge's determination of the weight he accorded to the doctors' opinions.

As to Dr. Archambeau, circuit precedent does not require that a treating physician's testimony "be given controlling

6

weight." <u>Hunter v. Sullivan</u>, 993 F.2d 31, 35 (4th Cir. 1992). In
fact, 20 C.F.R. § 404.1527(d)(2) & 416.927(d)(2) both provide,

> [i]f we find that a treating source's opinion on the
> issue(s) of the nature and severity of [the] impairment(s)
> is well supported by medically acceptable clinical and
> laboratory diagnostic techniques and is not inconsistent
> with the other substantial evidence in [the] case record, we
> will give it controlling weight.

By negative implication, if a treating physician's opinion
is not supported by clinical evidence or if it is inconsistent
with other substantial evidence, it should be accorded
significantly less weight. See <u>Craig v. Chater</u>, 76 F.3d 585, 590
(4th Cir. 1996) (quoting <u>Hunter v. Sullivan</u>, 993 F.2d 31, 35 (4th
Cir. 1992)).

Put another way, while the Fourth Circuit Court of Appeals
has held that "the opinion of a claimant's treating physician
must be given great weight", <u>Coffman v. Bowen</u>, 829 F.2d 514, 517
(4th Cir. 1987), it has also held that the administrative law
judge may disregard a treating physician's opinion if there is
persuasive contradictory evidence. <u>Smith  v. Schweiker</u>, 795 F.2d
343, 345-46 (4th Cir. 1986).

Here, the administrative law judge specifically considered
Dr. Archambeau's opinion that Plaintiff was incapable of
meaningful employment due to depression and anxiety and did not
improperly rejected it (Tr. 20). The record indicates that Dr.
Archambeau, a family care physician, not a specialist, did not

7

perform any objective testing whatsoever to determine if Plaintiff suffered from depression and anxiety, but rather relied solely on the plaintiff's own subjective complaints.  The Fourth Circuit has held that the administrative law judge should give little weight to a treating source opinion when the treating source performed no objective tests and instead relied solely on the claimant's subjective complaints. See, Johnson v. Barnhart, 434 F.3d 650 at 658 (4th Cir. 2005); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (physician's opinion that is based on claimant's subjective complaints is entitled to little weight).

Further, the limitation set forth by Dr. Archambeau, inability to perform any meaningful employment, was not supported by his own treatment notes. (Tr. 226-27, 229, 232).  For example, ten days before Dr. Archambeau rendered his disability opinion, he noted that the plaintiff's depression was "okay" despite the fact that he was not "on" his prescribed depression medication. (Tr. 227).  On July 29, 2003, Dr. Archambeau examined the plaintiff and wrote that the plaintiff's depression was stable and that he was going to refer his patient to a neurologist. Yet it was that same day, when consulted by the plaintiff about social security benefits, that Dr. Archambeau wrote that the plaintiff's depression and memory problems would keep him from performing work he was otherwise physically capable of performing. Substantial evidence supports the administrative law judge's

8

conclusion that the doctor's treatment notes do not support his opinion.

Other evidence of record also supports the administrative law judge's opinion. Drs. Von and Jarrell, consultative psychologists, reviewed the plaintiff's records and determined that Plaintiff's mental impairments caused only mild or moderate limitations. (Tr. 221, 251). Dr. Von opined that the plaintiff was able to sustain a typical work routine. (Tr. 205). A mental status examination by Dr. Staton, a psychiatrist, indicated that Plaintiff was oriented, capable of recalling a five-letter word in forward and reverse sequence, and had adequate judgment (Tr. 193). Based on his examination, Dr. Staton did not opine that Plaintiff's depression and anxiety prevented him from working. On November 3, 2003, M. Patrick Jarrell, Ph.D., a State agency psychological consultant, reviewed Plaintiff's records and determined that Plaintiff's mental impairments were not severe. (Tr. 241). Dr. Jarrell also determined that Plaintiff's mental impairments resulted in only mild restrictions of daily living activities, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation of extended duration (Tr. 251). Further, Plaintiff did not receive any ongoing mental health treatment from either a mental health center or a mental health provider; he was treated by a general practitioner in a

9

conservative manner with antidepressant and antianxiety
medication which, it appears, stabilized his depression. (Tr.
227, 226, 232).  Plaintiff himself reported to Dr. Grinman that
his anti-depression medication helped his depression when he took
it. (Tr. 239).  Substantial evidence supports the administrative
law judge's decision to accord little weight to Dr. Archambeau's
opinion and should not be disturbed.

        Dr. Archambeau deferred to Dr. Ahearn's opinion of the
plaintiff's physical ability to perform work related functions
(Tr. 281), and Dr. Ahearn determined that Plaintiff could lift up
to twenty pounds and that he was capable of light office work
(Tr. 180).  Additionally, two State agency medical consultants
determined that Plaintiff was not disabled and retained the
ability to perform the exertional requirements of light work (Tr.
196, 260). See Social Security Ruling 96-6p (opinions of State
agency medical consultants must be considered and weighed as
those of highly qualified experts).

        The plaintiff complained that the administrative law judge
did not accept Dr. Ahearn's further opinion that the plaintiff
could "not stand more than thirty minutes at a time and two hours
per shift or walk more than fifty yards at a time and two hundred
yards per shift." (Tr. 180).  In assessing minimal weight to Dr.
Ahearn's opinion regarding Plaintiff's physical capabilities, the
administrative law judge specifically noted that Dr. Ahearn's

                                   10

opinion was inconsistent with the findings of his own physical examination. (Tr. 21). Upon examination, Dr. Ahearn determined that Plaintiff had a normal gait and stance, full forward flexion and extension of the lumbar spine, negative Patrick's and right straight leg raising, no muscular, sensory, or reflex changes in the lower extremities, and an ability to heel and toe walk without difficulty (Tr. 180). These benign findings are consistent with his opinion that Plaintiff could lift up to twenty pounds and that he was capable of light office work, but not with his opinion that Plaintiff could not stand more than thirty minutes at a time and two hours per shift or walk more than fifty yards at a time and two hundred yards per shift.

Other substantial evidence of record supports the administrative law judge's determination as follows. On July 13, 2003, a medical consultant reviewed Plaintiff's records at the request of the State agency and determined that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand and/or walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour workday. (Tr. 196). The State agency physician specifically noted that the evidence did not support a limitation to sedentary exertion. (Tr. 201). Dr. Grinman's examination further revealed normal muscle bulk and tone, normal strength, and normal deep tendon reflexes. (Tr. 240).

11

Lastly, on November 5, 2003, a State agency medical consultant reviewed Plaintiff's records and determined that Plaintiff could occasionally lift 50 pounds, frequently lift 25 pounds, stand and/or walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour workday (Tr. 260). The administrative law judge committed no reversible error in rejecting the restrictions which Dr. Ahearn placed on the plaintiff.

## DECISION OF THE APPEALS COUNCIL

Plaintiff contends that remand is required because the Appeals Council did not make explicit findings concerning the additional materials, letters from Plaintiff's attorney, an internet article, and duplicates of medical evidence, he submitted in support of his claim after the administrative law judge's decision. Plaintiff is incorrect.

An applicant who is dissatisfied with the administrative law judge's decision can seek administrative review by the Appeals Council. 20 C.F.R. § 404.967. Here, Plaintiff requested such review and submitted the aforementioned materials. In its denial letter, the Appeals Council stated that it had considered Plaintiff's additional materials and concluded that "this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 6-7). Social Security regulations provide that when the Appeals Council denies review,

12

as it did in this case, the administrative law judge's
determination stands as the Commissioner's final decision. Sims
v. Apfel, 530 U.S. 103, 106-07 (2000); 20 C.F.R. §§ 404.900(a),
404.955, 404.981.  The explanation, therefore, that the Appeals
Council gives in its denial letter regarding the additional
evidence is not determinative of the issue of disability, because
it is the administrative law judge's decision that is subject to
judicial review, not the Appeals Council's letter denying review.
Similarly, Social Security regulations do not require the Appeals
Council to make specific findings regarding additional evidence
when it denies a request for review. See 20 C.F.R. § 404.970.
The regulations merely require the Appeals Council to consider
new and material evidence when evaluating whether to grant a
claimant's request for review.  The text of the Appeals Council's
letter in this case indicates that the Appeals Council properly
followed the regulations.  The plaintiff is not entitled to
relief on his second argument.

### RESIDUAL FUNCTIONAL CAPACITY

The plaintiff's third argument, that the administrative law
judge's residual functional capacity determination is not
supported by substantial evidence of record, is based on the
plaintiff's premise that the administrative law judge improperly
rejected the previously discussed opinions of Drs. Archambeau and
Ahearn.  The third argument therefore fails upon a determination

13

that substantial evidence supported the administrative law judge's assignment of little or no weight to those doctors' opinions.

## CONCLUSION

Accordingly for the aforementioned reasons it is recommended that the decision of the Commissioner be affirmed.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

June 8, 2006

14